Amy S. Young
CWA LEGAL DEPARTMENT
275 Seventh Avenue, Suite 2300
New York, NY  10001
(212) 419-1550

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
COMMUNICATIONS WORKERS OF AMERICA,            :
AFL-CIO,                                      :
                                              :
            Plaintiff,                        :
                                              :
   - and -                                    :   08 Civ. 0467 (PAC/FM)
                                              :
VERIZON NEW YORK, INC., TELESECTOR            :
RESOURCES GROUP, INC., EMPIRE CITY SUBWAY     :
COMPANY (LIMITED), VERIZON AVENUE, INC.,      :
VERIZON ADVANCED DATA INC., and VERIZON       :
CORPORATE SERVICES CORP.,                     :
                                              :
            Defendants.                       :
                                              :
-----------------------------------------------------------------------x

## COMPLAINT

1.      Plaintiff Communications Workers of America, AFL-CIO ("CWA" or "Union"), brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, to require defendants Verizon New York Inc., Telesector Resources Group, Inc., Empire City Subway Company (Limited), Verizon Avenue, Inc., Verizon Advanced Data Inc., and Verizon Corporate Services Corp. (collectively "Verizon") to proceed to arbitration with the grievance G06-018317 ("ACP grievance").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 185(a) in that this is a suit for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce. Jurisdiction is also conferred pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 29 U.S.C. § 185(c) because the duly authorized officers and agents of CWA are engaged in representing and acting for the Union's employee members within the Southern District of New York and because Verizon maintains its principal place of business within the Southern District of New York.

## PARTIES

4. Plaintiff CWA is a labor organization as that term is defined by § 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5) and maintains a district office at 80 Pine Street in the City, County, and State of New York. CWA represents approximately 700,000 employees throughout the United States and in Canada, the majority of whom are employed in the telecommunications industry, which is an industry affecting commerce.

5. Defendant Verizon New York, Inc., is an employer in an industry affecting commerce within the meaning of § 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152(2), and maintains its principal place of business at 140 West Street in the City, County and State of New York. Defendants Telesector Resources Group, Inc., Empire City Subway Company (Limited), Verizon Avenue, Inc., Verizon Advanced Data Inc., and Verizon Corporate Services Corp. are wholly owned subsidiaries of Verizon New York, Inc.

CAUSE OF ACTION

6. CWA is the exclusive collective bargaining representative of approximately 67,000 employees employed by Verizon. More than 30,000 of these employees are covered by ten collective bargaining agreements between CWA and Verizon ("Agreements") and work in New York State and New England. These Agreements took effect on August 3, 2003 and will remain in effect through August 2, 2008. The Agreements govern the terms and conditions of employment of employees of Verizon represented by CWA. The Agreements are contracts within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

7. One of the Agreements between Verizon and CWA covers all employees of Empire City Subway Company (Limited) and employees of Verizon New York and Telesector Resources Group Inc. in New York State in listed occupational classifications categorized as craft, building and supplies, clerical and miscellaneous. This agreement is referred to as the "Plant Agreement."

8. The Plant Agreement contains a grievance and arbitration provision under which the parties agreed to submit to arbitration any "grievance regarding the true intent and meaning of a provision of this Agreement . . ."

9. From 1964 until 2006, Verizon (and its predecessor corporations) maintained the Absence Control Plan ("ACP") which established attendance standards, methods for keeping records of employee attendance, appropriate disciplinary action for poor attendance, and other policies regarding attendance.

10. The ACP is a provision of the Plant Agreement, as well as the other collective bargaining agreements maintained by CWA and Verizon covering employees in New York State, because it is referenced in the agreements.

11. On March 22, 2006, Verizon notified CWA that it intended to implement a modified ACP ("mACP"); the notification set forth the changes in the ACP that Verizon had determined it would make.

12. Prior to developing the mACP, Verizon did not request that the Joint Attendance Committee ("JAC") and/or the Joint Committe on Absence Control ("JCAC") explore the question of whether to and/or how best to modify ACP as required by the Plant Agreement.

13. By letter agreement dated May 19, 2006, the parties agreed that the JAC would be convened to "discuss and review absence data and information related to the issues that contributed to the Company's decision to modify its ACP." Verizon did not submit to JAC the issue of whether the ACP should be modified at all and if so in what way.

14. On November 5, 2006, Verizon implemented the mACP.

15. On December 8, 2006, pursuant to Article 11 of the Plant Agreement, Local 1109 of the Communications Workers of America filed grievance number G06-018317 alleging that the implementation of the mACP violated the Plant Agreement.

16. Verizon denied the grievance at first step, Local 1109 appealed to second step, and Verizon denied the grievance again at second step.

17. The grievance was appealed to third step, the final step before mandatory binding arbitration. Verizon denied the grievance at third step on April 11, 2007.

18.     CWA performed all of the necessary procedural steps to process the grievance to arbitration in a timely manner.

19.     On August 6, 2007, CWA Attorney Gabrielle Semel proposed to Verizon Attorney Richard Shaw the names of three arbitrators to hear the grievance.

20.     By telephone on August 29, 2007, Semel and Shaw discussed whether the Union's grievance was substantively arbitrable.

21.     On October 22, 2007, Verizon informed CWA that it was refusing to arbitrate the Union's grievance because Verizon maintains that the grievance is not substantively arbitrable.

22.     To date, Verizon maintains its refusal to arbitrate the ACP grievance.

23.     The ACP grievance is substantively arbitrable because it concerns whether Verizon, through the implementation of the mACP, violated various provisions of the Plant Agreement.  Specifically:  (i) Verizon violated the recognition clause (Article 1) by unilaterally imposing the mACP during the term of the Plant Agreement; (ii) the ACP is itself a provision of the Plant Agreement and the implementation of any alternative policy or program to address employee absence violates the ACP; (iii) using a policy or program other than the ACP to discipline employees for absence violates the just cause provision (Article 10) of the Plant Agreement; (iv) Verizon violated the Letter of Agreement on page 218 and Article XI of the 2003 Memorandum of Understanding when it developed the mACP without submitting the issue of whether to modify the ACP and, if so, how to modify the ACP to the Joint Absence Committee and/or the Joint Committee on Absence Control; and (v) the implementation of the mACP also specifically violates Article 44.02(e); the 1972 Letter of Agreement signed by Verizon's R.E. Williams and CWA's M. Don Sanchez (p. 163 of the Plant Agreement); the 1977

Letter of Agreement signed by Verizon's Bernard C. Sissler and Sanchez (p. 168 of the Plant Agreement); and the 1983 Letter of Agreement signed by Verizon's A.M. Freije and CWA's Lawarence Mancino (p. 172 of the Plant Agreement), among other provisions.

WHEREFORE, plaintiff CWA respectfully requests that Verizon be ordered to proceed to arbitration in accordance with the terms of the Agreements, for attorneys' fees and costs to be awarded to plaintiff, and for such other relief as this Court deems just and proper.

Dated: New York, New York
January 17, 2008

                        CWA Legal Department

                        By:_____
                        Amy S. Young (AY5547)
                        275 Seventh Avenue, Suite. 2300
                        New York, New York  10001
                        (212) 419-1550 (voice)
                        (212) 419-1555 (facsimile)