UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,<br><br>                              Plaintiff,<br><br>         -against-<br><br>VERIZON NEW YORK, INC., TELESECTOR RESOURCES GROUP, INC., EMPIRE CITY SUBWAY COMPANY (LIMITED), VERIZON AVENUE, INC., VERIZON ADVANCED DATA INC., AND VERIZON CORPORATE SERVICES CORP.,<br><br>                              Defendants. | Case No.: 08-CV-0467(HB) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Verizon New York Inc. ("Verizon New York"), Telesector Resources Group, Inc. ("TRG"), Empire City Subway Company (Limited) ("ECS"), Verizon Avenue Inc. ("Verizon Ave."), Verizon Advanced Data Inc. ("VADI")[1], and Verizon Corporate Services Corp. ("Verizon Corp. Services") (collectively "Defendants"), respond as follows to the Complaint filed by Plaintiff, Communications Workers of America, AFL-CIO (hereinafter "CWA"):

1.      Defendants admit only that CWA purports to bring this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to compel arbitration of grievance number G06-018317 ("ACP grievance"). Defendants deny the remaining allegations contained in paragraph 1.

---

[1] VADI is not a proper party because it is no longer in existence, and was merged into Verizon New York on September 28, 2007.

## JURISDICTION AND VENUE

2. Defendants state that whether this Court has original jurisdiction and/or supplemental jurisdiction involves a legal determination that is not subject to admission or denial. Defendants deny the remaining allegations contained in paragraph 2.

3. Defendants admit that venue lies in this district, and that Verizon New York and ECS maintain their principal places of business within the Southern District of New York. Defendants deny the remaining allegations contained in paragraph 3.

## PARTIES

4. Defendants admit only that CWA is a labor organization with an office at 80 Pine Street, New York, New York, representing employees throughout the United States and Canada, and that the telecommunications industry is an industry affecting commerce. Defendants neither admit nor deny the allegations contained in paragraph 4 regarding the number of employees CWA represents and the industry in which a majority of these employees work for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations. Defendants deny the remaining allegations contained in paragraph 4.

5. Defendants admit that Verizon New York is an employer within the meaning of § 2(2) of the LMRA, that Verizon New York maintains its principal place of business at 140 West Street, New York, New York 10007, that ECS is a direct wholly owned subsidiary of Verizon New York and that VADI no longer exists and was merged into Verizon New York on September 28, 2007. Defendants deny the remaining allegations contained in paragraph 5.

## CAUSE OF ACTION

6. Defendants admit only that CWA is the exclusive collective bargaining representative of certain employees employed by Defendants, that Verizon New York is party to

six CBAs with CWA, the most recent of which took effect on August 3, 2003 and will remain in effect through August 2, 2008, that these CBAs govern the terms and conditions of employment of certain employees represented by CWA, and that these CBAs are contracts within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.  Defendants deny the remaining allegations contained in paragraph 6.

       7.       Defendants admit the allegations contained in paragraph 7.

       8.       Defendants admit the allegations contained in paragraph 8.

       9.       Defendants admit only that in 1964 Defendants unilaterally implemented the Absence Control Plan ("ACP") and that the ACP, in a form different than originally implemented, is still in existence.  Defendants aver that the ACP speaks for itself.  Defendants deny the remaining allegations contained in paragraph 9.

      10.       Defendants deny the allegations contained in paragraph 10.

      11.       Defendants admit only that by letter dated March 22, 2006, Defendants informed CWA that they were planning to modify the ACP, and further state that this letter speaks for itself.  Defendants deny the remaining allegations contained in paragraph 11.

      12.       Defendants deny the allegations contained in paragraph 12.

      13.       Defendants admit only that Defendants entered a letter agreement with CWA, dated May 19, 2006, which speaks for itself, and that, at CWA's request, Defendants did not submit the issue of modification of the ACP to the JAC.  Defendants deny the remaining allegations contained in paragraph 13.

      14.       Defendants admit the allegations contained in paragraph 14.

      15.       Defendants admit that on or about November 30, 2006, Local 1109 filed grievance number G06-018317 regarding implementation of the modified ACP.

NYI-4062647v1

16. Defendants admit that Verizon New York denied the ACP grievance at the first step, that Local 1109 appealed to the second step, and that Verizon New York denied the grievance again at the second step.

17. Defendants admit only that Local 1109 appealed the ACP grievance to the third step, and that Verizon New York denied the grievance on or about April 11, 2007. Defendants deny the remaining allegations contained in paragraph 17.

18. Defendants admit only that Local 1109 grieved the ACP grievance through the procedural grievance steps under Article 11 of the Plant Agreement. Defendants deny the remaining allegations contained in paragraph 18.

19. Defendants admit that on or about August 6, 2007, CWA Attorney Gabrielle Semel proposed to Defendants' outside counsel Richard Shaw the names of three arbitrators.

20. Defendants admit the allegations contained in paragraph 20.

21. Defendants admit that on or around October 22, 2007, Verizon New York notified Local 1109 that it would not arbitrate the ACP grievance because Defendants maintain that the ACP grievance is not substantively arbitrable.

22. Defendants admit the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23, including subparts (i) through (v).

24. By way of further response to the Complaint, to the extent that any allegations have not been admitted or denied, they are hereby denied.

**PRAYER FOR RELIEF**

25. In response to CWA's prayer for relief, Defendants deny that CWA is entitled to the requested relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES[2]

### First Defense

26. CWA's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

### Second Defense

27. CWA's ACP grievance is not substantively arbitrable because the ACP is not a provision of the Plant Agreement, or any other CBA between Defendants and CWA, and the ACP grievance does not involve interpretation or application of a term of the Plant Agreement, or any other CBA between Defendants and CWA.

### Third Defense

28. CWA's ACP grievance is not substantively arbitrable because it is not covered by Article XII, Section 1 of the Plant Agreement, which provides an exhaustive list of matters that are subject to arbitration.

### Fourth Defense

29. CWA's ACP grievance is not substantively arbitrable because mere reference to the ACP in the Plant Agreement does not serve to incorporate the ACP into the Plant Agreement, or any other CBA between Defendants and CWA.

### Fifth Defense

30. CWA's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands and/or estoppel.

### Sixth Defense

31. CWA's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

---

[2] In asserting these "affirmative defenses," Defendants do not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted.

**Seventh Defense**

32. VADI is not a proper party.

**Eighth Defense**

33. Defendants expressly reserve the right to raise any additional defenses that may arise or be developed as this litigation proceeds.

WHEREFORE, Defendants request that the Complaint be dismissed, that CWA be denied any remedy or relief, and that Defendants be awarded their attorneys' fees, costs and any other relief that the Court deems appropriate.

Dated:  February 25, 2008                                         Jones Day


                                                                  By:  /s/ Shari M. Goldsmith
                                                                       Shari M. Goldsmith  (SG 0909)
                                                                       JONES DAY
                                                                       222 East 41st Street
                                                                       New York, NY  10017
                                                                       Telephone: (212) 326-3939
                                                                       Facsimile: (212) 755-7306

                                                                       Thomas Beck  (*pro hac vice pending*)
                                                                       JONES DAY
                                                                       51 Louisiana Avenue, NW
                                                                       Washington, D.C. 20001-2113
                                                                       Telephone: (202) 879-3939
                                                                       Facsimile: (202) 626-1700

                                                                       *Attorneys for Defendant*

NYI-4062647v1

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2008, the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

      Amy S. Young
      275 Seventh Avenue, Suite 2300
      New York, New York  10001

      /s/ Shari M. Goldsmith
      Shari M. Goldsmith (SG-0909)
      Jones Day
      222 East 41st Street
      New York, NY 10017-6702
      smgoldsmith@jonesday.com
      (212) 326-3939